## Schoyer's Estate.

*Decedents' estates—Claim for services—Insufficient evidence.*

A claim against a decedent's estate for personal services alleged to have been rendered the decedent in her lifetime by a husband and wife, was properly disallowed where the only evidence in support of such claim was that when decedent thought she was about to die she attempted to make out a check for the amount of her bank balance to one of the claimants, and was prevented from so doing by physical weakness; that the services had been rendered prior to such time; that decedent and the claimants were intimate friends and the latter had visited deceased constantly during her last illness, and the husband had attended to her financial affairs, but had made no charges for their services in his books; and there was no evidence as to the value of such service.

Argued Oct. 20, 1915. Appeal, No. 99, Oct. T., 1915, by H. T. Purinton and Ellen Purinton, from decree of O. C. Allegheny Co., Nov. T., 1914, No. 138, dismissing exceptions to adjudication in Estate of Mary C. Schoyer, deceased. Before MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Exceptions to adjudication.

From the record it appeared that at the time of the death of Mary C. Schoyer there was a balance of $4,-192.97 in her favor in the Peoples Savings Bank. H. F. Purinton and his wife, Ellen, presented a claim against the estate for this amount for services alleged to have been rendered the decedent. It appeared that claimants had been close personal friends of decedent and had visited her constantly during her illness and that Mr.

Purinton attended to her financial affairs, but made no charges for these or other services in his books.

Further facts appear in the following opinion by OVER, P. J., sur claimants' exceptions to the adjudication of the auditing judge:

The testimony filed in this case was not properly transcribed by the stenographer, who has since corrected it, and the second and third exceptions filed by the claimants to the quotations of the testimony in the opinion of the auditing judge are sustained. It is alleged in the fourth exception that the court erred in finding as follows: "As the witness did not testify, and there is no evidence as to the amount of the check Mrs. Schoyer intended giving the claimants, nor as to the bank on which the check signed was drawn, the claimants have failed to show an express contract to pay them the balance in the Peoples Savings Bank, and their claim for it cannot be allowed."

Mrs. Boardman, the nurse, testified, as shown by the corrected notes of testimony, that "Mrs. Schoyer wanted to make out two checks, the one for miscellaneous expenses, and she said she wanted to make out the balance to them. Q. That is, to whom? A. To Mr. and Mrs. Purinton, and requested that I get a pen, which I did." The account shows that the decedent at her death had two bank accounts, one in the Peoples Savings Bank, the balance to her credit then being $4,192.97; and the other in the Merchants National Bank of Meadville; the balance to her credit at her death being $54.59. But as there is no evidence that the check the witness testified was given for miscellaneous expenses was drawn by Mrs. Schoyer on the Peoples Savings Bank, and it is possible it might have been on the Merchants, or some other bank, this exception seems to be without merit.

If, however, it should be found from the evidence that it was Mrs. Schoyer's intention to give the claimants a check for the balance in the Peoples Savings Bank, it could not be inferred from this fact that there was any

contract to pay the claimants the balance in the bank for their services. At that time the services had been rendered; there was nothing said by Mrs. Schoyer, or the claimants, indicating that there was a contractual relation existing between them, or that the claimants rendered services for which they expected, or were to be paid.

Mrs. Boardman also testified that on several occasions Mrs. Schoyer told her "That if I needed anything not to hesitate and ask Mrs. Purinton, that she would be repaid for her services." These declarations refer alone to Mrs. Purinton; no amount was specified, and it does not appear that they were communicated to her, so that they were not an inducement for her attention and services, and do not tend to show a contract to pay a certain amount. If there could be recovery by Mrs. Purinton, it would only be for the value of her services, as to which there is no evidence.

In view of Mrs. Schoyer's weak condition when it is alleged the contract was made, the evidence to sustain it should be clear and satisfactory, and the evidence as to the declarations made by her is not of that character.

*Error assigned* was in dismissing exceptions to the adjudication.

*J. Roy Dickie,* with him *William W. Wishart,* for appellant.

*James S. Crawford,* of *Patterson, Crawford, Miller & Arensberg,* for appellee.

PER CURIAM, January 3, 1916:

The decree is affirmed on the opinion of the learned court below dismissing exceptions to the adjudication filed by the auditing judge.